## Johnson, Administrator v. Louisville & Interurban Railway Company.

(Decided June 22, 1923.)

1. Appeal and Error—Admonition as to Statements Used to Refresh Recollection of Witnesses Held Not Prejudicial.—An admonition by the court as to the purpose and effect of the use of written statements to refresh their recollection was not prejudicial under Civil Code of Practice, sections 134, 338, 756, to plaintiff, where

the burden of the admonition as a whole was that the purpose was to refresh the recollection of the witnesses named, though part of the remarks standing alone might have conveyed the meaning that the jury might consider the written statements as contradicting the witnesses, and thereby affecting their credibility.

2. Appeal and Error—Court's Reference to Decedent's Use of Intoxicating Liquor Held Not Prejudicial to His Administrator.—In an action for the death of a man who was struck by an interurban car, an admonition by the court with reference to the evidence as to the intemperate habits of deceased in the use of intoxicating liquors was not prejudicial to his administrator, where there was uncontradicted evidence that the appearance of deceased immediatly before he was struck was that of an intoxicated man, and within a few minutes of the accident he had in his possession a bottle of whiskey out of which he drank with another, and does not require reversal, in view of Civil Code of Practice, sections 134, 338 and 756, prohibiting reversal except for error prejudicial to substantial rights.

W. W. THUM and CHAS. C. WHEELER for appellant.

ALFRED SELIGMAN and STRAUSS, LEE & KRIEGER for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE SETTLE—Overruling petition.

While in its admonition to the jury in regard to the use made on the trial by the appellee's counsel of the written statements previously given by the witnesses, Williams, Roger and Earl Tyler, and the purpose and effect of such use, the trial court may incidentally have indulged in some remark that, standing alone, would have been calculated to convey the meaning that the written statements might be considered by the jury as contradicting these witnesses and thereby affecting their credibility, we do not think such remark could have prejudiced the appellant in any substantial right, as the burden of the court's admonition as a whole was that the purpose and use of the written statements were to refresh the recollection of the witnesses named.

What we have already said applies with equal force to the admonition which the court gave the jury with reference to the evidence allowed as to the intemperate habits of the deceased in the use of intoxicating liquors. But if it should be conceded that the court erred in this matter, as insisted by appellant's counsel, in view of the further uncontradicted evidence conducing to prove that the condition and appearance of the deceased immedi-

ately before and at the time he was struck by the car, was that of an intoxicated man; and that he within a few minutes of the accident had in his possession a bottle of whiskey out of which he drank with another, we fail to see how this evidence or admonition complained of could have prejudiced the appellant in any substantial right.

An important trial rarely ends without some mistake or error on the part of court or counsel. Hence it is a rule of practice in this state, established by its Civil Code, sections 134, 338 and 756, the last, especially applicable to this court, declaring:

"Nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining. . . ."

For the reasons indicated the appellant's petition for a rehearing is overruled.